Case 1:25-cv-00584-MAC   Document 2   Filed 12/15/25   Page 1 of 21 PageID #: 76   FILEI
11/12/2025 4:55 PM
Delia Seller
District Clerk
Liberty County - 253rd District Cou
Liberty County, T;
Shannon Sparkmar

25DC-CV-01586

CAUSE NO. _____

| | | |
|---|---|---|
| MATTHEW DAVIS | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | Liberty County - 253rd District Court |
| | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| RICHARD ALLAN ROBERTSON, JR., Individually and d/b/a K.A.R. STORAGE TANK ERECTORS; K.A.R. STORAGE TANK ERECTORS; JOHN DOE, as Anticipated Representative of the Estate of JASON LEE EMERICK, DECEASED; HUB GROUP TRUCKING, INC.; HUB GROUP, INC.; and RAFAEL BONOLO AGRUIRRE, | § § § § § § § § § § § § | |
| | § | |
| Defendants. | § | LIBERTY COUNTY, TEXAS |

---

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Matthew Davis, and files his Original Petition and Jury Demand against Defendants Richard Allan Robertson, Jr., Individually and d/b/a K.A.R. Storage Tank Erectors; K.A.R. Storage Tank Erectors; John Doe, as Anticipated Representative of the Estate of Jason Lee Emerick Deceased; Hub Group Trucking, Inc.; Hub Group, Inc.; and Rafael Bonolo Aguirre. In support thereof, Plaintiff would respectfully show unto the Court as follows:

---

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**                    **Page 1 of 20**

# I.
## DISCOVERY CONTROL PLAN AND RULE 47 PLEADING REQUIREMENT

1.      Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that he seeks damages that are within the jurisdictional limits of the Court.

2.      Pursuant to Rule 47, Plaintiff states that he seeks monetary relief over $1,000,000.00.

# II.
## PARTIES

3.      Plaintiff Matthew Davis is an individual residing in Keyser, Mineral County, West Virginia. The last three digits of his West Virginia Driver's License are 843. The last three digits of his social security number are 361.

4.      Defendant Richard Allan Robertson, Jr. ("Robertson") is an individual doing business as K.A.R. Storage Tank Erectors. Robertson may be served with process at his residence at 1272 Bedford Valley Rd, Bedford, Bedford County, Pennsylvania, 15522-5332, or wherever he may be found. Robertson further has a registered address located at 6703 Bedford Valley Rd, Bedford, Pennsylvania 15522. **Citation is requested.**

5.      K.A.R. Storage Tank Erectors is, upon information and belief, a fictitious company name used by Robertson. As such, it may be served with

---

process through service of process on Robertson via the address above. K.A.R. Storage Tank Erectors routinely performs work and projects in Texas and travels on Texas public roadways. To the extent that K.A.R. Storage Tank Erectors is a separate entity, it may be served with process via service on its registered agent, Robert Allan Robertson, Jr. at 3139 Hyndman Road, Hyndman Pennsylvania, 15545. **Citation is requested.**

6.    The Estate of Jason Lee Emerick is an estate that was formed (or will be formed) following the death of individual Jason Lee Emerick on November 19, 2023. It may be served with process through service on its representative, once appointed.

7.    Defendant Hub Group Trucking, Inc. ("Hub Group Trucking") is a foreign for-profit corporation authorized to do business in Texas and conducting business in the State of Texas. It may be served with process via service on its registered agent Corporation Service Company d/b/a CSC Lawyers Inco., located at 211 E. 7th Street, Suite 620 Austin, Texas 78701. **Citation is requested.**

8.    Defendant Hub Group, Inc. ("Hub Group") is a foreign for-profit corporation authorized to do business in Texas and conducting business in the State of Texas. It may be served with process via service on its registered agent Corporation Service Company d/b/a CSC Lawyers Inco., located at 211 E. 7th Street, Suite 620, Austin, Texas 78701. **Citation is requested.**

9.      Rafael Bonolo Aguirre is an individual and resident of Texas. He may be served with process at his residence at 911 Petunia Falls Lane, Rosharon, Texas 77583 or wherever he may be found. **Citation is requested.**

## III.
## JURISDICTION AND VENUE

10.     Venue is proper in Liberty County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because Liberty County is the county where all or a substantial part of the events or omissions giving rise to the claim occurred.

11.     Additionally, this Court has subject matter jurisdiction over this matter because the amount in controversy is within the jurisdictional limits of the Court.

## IV.
## FACTS

12.     To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above facts and paragraphs as if set forth fully herein.

13.     On November 19, 2023, at approximately 7:47 a.m., Jason Lee Emerick ("Emerick") was operating a 2012 Ford F-350 owned by Defendants Robertson and K.A.R. Storage Tank Erectors (collectively, the "K.A.R. Defendants"). Emerick was operating the course and scope of his employment with the K.A.R. Defendants.

14.     Plaintiff rode in the K.A.R. Defendants' F-350 as an innocent

passenger.

15.     Plaintiff and Emerick were leaving Houston, Texas, having performed another project for the K.A.R. Defendants in Texas, this time building storage tanks, fixing storage tanks, and/or setting a starter ring. At all pertinent times, Emerick was on-the-clock, on duty, and acting in the course and scope of his employment with the K.A.R. Defendants.

16.     On the drive, Emerick failed to pay proper attention to the roadway, failed to maintain a single lane, failed to yield the right-of-way, failed to control his speed, failed to timely apply his brakes, and failed to take reasonable safety measures to avoid a collision. He drove the K.A.R. Defendants' F-350 into the back of a stationary tractor trailer (the "Collision").

17.     The tractor-trailer in question was owned, operated, and maintained by Defendants Hub Group Trucking, Inc. and Hub Group, Inc. (collectively, the "Hub Group Defendants"). Defendant Rafael Bonolo Aguirre ("Aguirre") had been operating the Hub Group Defendants' tractor-trailer in the course and scope of his employment before parking the vehicle unsafely on the highway without adequate warnings, cones, signage, or markings.

18.     As a result of the Collision and Defendants' wrongful acts and omissions, Plaintiff suffered the serious injuries and damages described in this petition.

**V.**

## NEGLIGENCE, NEGLIGENCE *PER SE,* AND GROSS NEGLIGENCE OF JASON LEE EMERICK

19.    To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above facts and paragraphs as if set forth fully herein.

20.    Defendant Emerick had a duty to use ordinary care, that is, to do that which a person of ordinary prudence would have done under the same or similar circumstances or not doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

21.    Defendant Emerick failed to use that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

22.    Defendant Emerick breached the duty of care, including but not limited to, the following ways:

   a. Emerick failing to pay attention while driving;

   b. Emerick failing to maintain a safe amount of space from vehicle(s) in front of him;

   c. Emerick failing to maintain a single lane;

   d. Emerick failing to control the speed of the tractor-trailer he was driving;

   e. Emerick failing to drive at a speed appropriate for road conditions;

   f. Emerick failing to timely apply the brakes;

   g. Emerick failing to maintain a proper lookout;

   h. Emerick failing to maintain proper control of the K.A.R. Defendants' F-350;

   i. Emerick failing to take appropriate and safe evasive action;

   j. Emerick failing to operate the K.A.R. Defendants' F-350 in a reasonably prudent and safe manner;

   k. Emerick failing to anticipate foreseeable hazards and/or otherwise act as an ordinary prudent driver would under same or similar circumstances;

   l. Emerick distractedly and failing to pay proper attention to the road or fellow motorists;

  m. Emerick operating the tractor-trailer in a careless manner;

   n. Emerick failing to maintain a single lane on a roadway divided into two or more clearly marked lanes for traffic, in violation of TEX. TRANSP. CODE § 545.060;

   o. Emerick failing to provide adequate signals or warnings for his actions, in violation of TEX. TRANSP. CODE §§ 545.103, 545.104, and 545.105;

   p. Emerick failing to yield the right-of-way, in violation of TEX. TRANSP. CODE § 545.155;

   q. Emerick failing to adhere to the maximum speed requirement, in violation of TEX. TRANSP. CODE §§ 545.351 and 545.352; and

   r. Emerick opting to drive when he knew, or, through the use of reasonable care should have known, that he was not physically or mentally fit to drive.

   s. Additionally, the violations of other local and state traffic laws constitute negligence *per se*, as the purpose of such statutes is to protect those in the class or classes of persons as Plaintiff belongs.

23. The acts and omissions of Emerick proximately caused the injuries that Plaintiff suffered and will continue to suffer into the future.

24. Further, upon information and belief, Emerick committed the above acts and omissions with gross negligence. Emerick course of conduct,

when viewed objectively from his standpoint at the time, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, namely the risks that driving distractedly, driving at an excessive speed, taking his eyes off the roadway, failing to maintain a single lane, failing to yield the right-of-way, and rear-ending another motorist could severely injure or kill others on the road, including Plaintiff, his passenger.

25.     Emerick had actual, subjective awareness of the risks involved but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.

26.     Emerick's acts and omissions described herein proximately caused the injuries and damages to Plaintiff described in this petition.

## VI.
## NEGLIGENCE, NEGLIGENCE *PER SE,* AND GROSS NEGLIGENCE OF RAFAEL BONOLO AGUIRRE

27.     To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above facts and paragraphs as if set forth fully herein.

28.     Defendant Aguirre had a duty to use ordinary care, that is, to do that which a person of ordinary prudence would have done under the same or similar circumstances or not doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

29.     Defendant Aguirre failed to use that degree of care that would be used by a person of ordinary prudence under the same or similar

circumstances.

30.    Defendant Aguirre breached the duty of care, including but not
limited to, the following ways:

   a. Aguirre failing to exercise due care when inspecting, loading,
      operating and stopping the vehicle;

   b. Aguirre failing to operate the Hub Group Defendants' tractor-
      trailer in a reasonable and prudent manner;
   c. Aguirre operating the tractor-trailer in a caseless manner;

   d. Aguirre opting to drive when he knew, or, through the use of
      reasonable care should have known, that he was not physically or
      mentally fit to drive;

   e. Aguirre failing to properly mark or illuminate the roadway to
      notify fellow motorists that the lane he had parked the tractor-
      trailer was not closed or blocked off;

   f. Failing to provide, maintain, display, and use adequate lighting in
      violation of TEX. TRANSP. CODE ANN. §§ 547.321, 547.3215,
      547.222-547.326, 547.352-547.355, and 547.383;

   g. Stopping, standing, or parking a vehicle on the roadway, in
      violation of TEX. TRANSP. CODE ANN. § 545.302;

   h. Driving recklessly, in violation of TEX. TRANSP. CODE ANN. §
      545.401; and

   i. Leaving the tractor-trailer unattended in violation of TEX. TRANSP.
      CODE ANN. § 545.404.

31.    The acts and omissions of Aguirre proximately caused the injuries
that Plaintiff suffered and will continue to suffer into the future.

32.    Further, upon information and belief, Aguirre committed the
above acts and omissions with gross negligence. Aguirre course of conduct,

when viewed objectively from his standpoint at the time, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, namely the risks that parking the tractor-trailer where it was parked could obstruct the roadway and pose an unnecessary danger that could severely injure or kill others on the road.

33.    Aguirre had actual, subjective awareness of the risks involved but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.

34.    Aguirre's acts and omissions described herein proximately caused the injuries and damages to Plaintiff described in this petition.

## VII.
## VICARIOUS LIABILITY OF THE K.A.R. DEFENDANTS AND THE HUB GROUP DEFENDANTS

35.    To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above facts and paragraphs as if set forth fully herein.

36.    At all pertinent times, Emerick was the agent, servant, employee, and/or statutory employee of the K.A.R. Defendants and was acting within the course and scope of his employment.

37.    Emerick operated the K.A.R. Defendants' F-350 with the knowledge, consent and actual permission and/or implied permission of owners and employers, the K.A.R. Defendants. Therefore, the K.A.R. Defendants are jointly and severally liable for Plaintiff's damages under the Doctrine of

*Respondeat Superior* and/or agency theories of liability because the negligence of Emerick was a proximate cause of the Collision and damages described herein.

38.    Likewise, at all pertinent times, Aguirre was the agent, servant, employee, and/or statutory employee of the Hub Group Defendants and was acting within the course and scope of his employment.

39.    Aguirre operated the Hub Group Defendants' tractor-trailer with the knowledge, consent and actual permission and/or implied permission of owners and employers, the Hub Group Defendants. Therefore, the Hub Group Defendants are jointly and severally liable for Plaintiff's damages under the Doctrine of *Respondeat Superior* and/or agency theories of liability because the negligence of Aguirre was a proximate cause of the Collision and damages described herein.

## VIII.
## NEGLIGENCE AND GROSS NEGLIGENCE OF THE K.A.R. DEFENDANTS

40.    To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above facts and paragraphs as if set forth fully herein.

41.    In addition to being vicariously liable, as set forth in the previous paragraphs, the K.A.R. Defendants are also each directly liable for their own negligent, negligent *per se,* and grossly negligent acts and omissions.

42.    The K.A.R. Defendants each had a duty to exercise ordinary care,

that is, to do what an employer of ordinary prudence would have done under the same or similar circumstances.

43.    The K.A.R. Defendants each failed to exercise that degree of care. The K.A.R. Defendants' breaches of the duty of care, include but are not limited to, the following:

   a.  In the negligent screening and hiring of Emerick;

   b.  Failing to properly investigate Emerick's driving record, driving ability, and prior employment history;

   c.  Failing to properly train Emerick to drive in a safe and prudent manner;

   d.  Failing to reasonably and prudently monitor and supervise Emerick;

   e.  Failing to take reasonable action to protect the public once they knew or should have known that Emerick was not fit to operate a company vehicle on public roads;

   f.  In the negligent and/or reckless retention of Emerick;

   g.  In negligently entrusting the company F-350 to Emerick, who the K.A.R. Defendants each knew to be an unlicensed, incompetent, and/or reckless driver;

   h.  Failing to implement, effectuate, and enforce reasonable company safety policies and standards;

   i.  Failing to follow applicable industry standards; and

   j.  Failing to monitor compliance with safety procedures.

44.    The acts and omissions of the K.A.R. Defendants, taken singularly or in any combination, proximately caused the injuries that Plaintiff suffered

and will continue to suffer in the future.

45.    Further, upon information and belief, the K.A.R. Defendants committed the above acts and omissions with gross negligence. The K.A.R. Defendants' respective courses of conduct, when viewed objectively from their standpoints at the time, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, namely the risks of serious injury or death posed by an undertrained, under-supervised, under-monitored, incompetent, unlicensed, and/or reckless driver poses to innocent members of the public (including vehicle passengers) when entrusted with a company vehicle on public roads, including driving when the driver is not sufficiently alert, physically fit, or mentally fit to drive.

46.    The K.A.R. Defendants each had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

47.    The K.A.R. Defendants' acts and omissions described herein proximately caused the injuries and damages to Plaintiff described in this petition.

## IX.
## NEGLIGENCE AND GROSS NEGLIGENCE OF THE HUB GROUP DEFENDANTS

48.    To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above facts and paragraphs as if set forth fully herein.

49.    In addition to being vicariously liable, as set forth in the previous paragraphs, the Hub Group Defendants are also each directly liable for their own negligent, negligent *per se*, and grossly negligent acts and omissions.

50.    The Hub Group Defendants each had a duty to exercise ordinary care, that is, to do what an employer of ordinary prudence would have done under the same or similar circumstances.

51.    The Hub Group Defendants each failed to exercise that degree of care. The Hub Group Defendants' breaches of the duty of care, include but are not limited to, the following:

   a. In the negligent screening and hiring of Aguirre;

   b. Failing to properly investigate Aguirre's driving record, driving ability, and prior employment history;

   c. Failing to properly train Aguirre to drive in a safe and prudent manner;

   d. Failing to reasonably and prudently monitor and supervise Aguirre;

   e. Failing to take reasonable action to protect the public once they knew or should have known that Aguirre was not fit to operate a company vehicle on public roads;

   f. Failing to take reasonable steps to ensure that Aguirre maintained accurate hours of service records, received adequate sleep, and would not become fatigued or need to suddenly pull over on the roadway;

   g. Failing to provide Aguirre with sufficient cones, flares, and other signals to warn fellow motorists when he needed to pull over on the roadway.

h. In the negligent and/or reckless retention of Aguirre;

i. In negligently entrusting the company tractor-trailer to Aguirre, who the Hub Group Defendants each knew to be an unlicensed, incompetent, and/or reckless driver;

j. Failing to implement, effectuate, and enforce reasonable company safety policies and standards;

k. Failing to follow applicable industry standards; and

l. Failing to monitor compliance with safety procedures.

52. The acts and omissions of the Hub Group Defendants, taken singularly or in any combination, proximately caused the injuries that Plaintiff suffered and will continue to suffer in the future.

53. Further, upon information and belief, the Hub Group Defendants committed the above acts and omissions with gross negligence. The Hub Group Defendants' respective courses of conduct, when viewed objectively from their standpoints at the time, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, namely the risks of serious injury or death posed by an undertrained, under-supervised, under-monitored, incompetent, unlicensed, and/or reckless driver poses to innocent members of the public when entrusted with a company vehicle on public roads, including driving when the driver is not sufficiently alert, physically fit, or mentally fit to drive, as well as the risks that such a driver could cause to others pulling a tractor-trailer over on the roadway.

54.    The Hub Group Defendants each had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

55.    The Hub Group Defendants' acts and omissions described herein proximately caused the injuries and damages to Plaintiff described in this petition.

## X.
## PERSONAL INJURY DAMAGES

56.    As a direct and proximate result of the negligence of Defendants, Plaintiff sustained the following damages, each in amount of the minimum limits of the Court. Accordingly, Plaintiff seeks to recover from Defendants compensation for each of the following:

   a.  Past and future medical and pharmaceutical expenses;

   b.  Past and future pain and suffering;

   c.  Past and future mental anguish;

   d.  Past and future mental impairment;

   e.  Past and future disfigurement;

   f.  Past and future loss of enjoyment of life;

   g.  Past lost earnings and future loss of earning capacity;

   h.  Other out-of-pocket expenses; and

   i.  All other economic and non-economic damages allowed by law.

## XI.
## EXEMPLARY DAMAGES

57.    To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above facts and paragraphs as if set forth fully herein.

58.    As set forth in this petition, Defendants acted with gross negligence and/or malice, which justifies an award of punitive damages under Texas law. The acts and/or omissions of Defendants constitute gross negligence and/or malice, as those terms are defined in Texas Civil Practice and Remedies Code §§ 41.001(7), (11).

59.    The grossly negligent and/or malicious acts and omissions of Defendants set forth herein were a proximate cause of damages to Plaintiff in an amount within the jurisdictional limits of the Court, for which Plaintiff seeks judgment.

## XII.
## PRE- AND POST-JUDGMENT INTEREST AND COSTS OF COURT

60.    Plaintiff seeks to recover his costs of Court, pre-judgment interest, and post-judgment interest in accordance with the maximum legal rates allowable as interpreted under the laws of the State of Texas.

## XIII.
## JURY DEMAND

61.    Plaintiff respectfully demands that the trial of this cause be by jury and Plaintiff will tender the requisite fee.

---

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**                    **Page 17 of 20**

## XIV.
## CONDITIONS PRECEDENT

62.    Pursuant to Rule 54 of the Texas Rules of Civil Procedure, Plaintiff avers that all conditions precedent have been performed, have occurred, or have been waived.

## XV.
## ALTERNATIVE CLAIMS FOR RELIEF

63.    Plaintiff invokes Rule 48 of the Texas Rules of Civil Procedure, providing that a party may set forth two or more statements of a claim alternatively, or hypothetically, either in one count or in separate counts. Where two or more statements are made in the alternative and one of them, if made independently, would be sufficient, the pleading is not made insufficient by the insufficiency of one or more alternative statements. Plaintiff is further entitled to state as many separate claims as he has, regardless of consistency, and whether based upon legal or equitable grounds, or both.

## XVI.
## PRAYER

Plaintiff prays that the Court issue citations for Defendants to appear and answer, and that, on final trial, award judgment to Plaintiff against Defendants for all damages referenced in this petition, including but not limited to:

   a. Past and future medical and pharmaceutical expenses;

---

b.  Past and future pain and suffering;

c.  Past and future mental anguish;

d.  Past and future mental impairment;

e.  Past and future disfigurement;

f.  Past and future loss of enjoyment of life;

g.  Past lost earnings and future loss of earning capacity;

h.  Other out-of-pocket expenses;

i.  All other economic and non-economic damages allowed by law;

j.  Exemplary damages;

k.  Pre-judgment interest;

l.  Post-judgment interest; and

m. Costs of Court.

Finally, Plaintiff prays for such other and further relief to which he is justly entitled.

DATED the 10th day of November 2025.

Respectfully submitted,

By:  /s/ *Grant P. Boston*
Christopher S. Hamilton
State Bar No. 24046013
chamilton@hamiltonwingo.com
Grant P. Boston
State Bar No. 24076784
gboston@hamiltonwingo.com

**HAMILTON WINGO, LLP**

325 N. St. Paul Street, Suite 3600
Dallas, Texas 75201
Telephone:  (214) 234-7900
Facsimile:   (214) 234-7300

**ATTORNEYS FOR PLAINTIFFS**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lelia Williams on behalf of Grant Boston
Bar No. 24081984
lwilliams@hamiltonwingo.com
Envelope ID: 107980172
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 11/13/2025 8:46 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Delma M.Gorostieta | | dgorostieta@hamiltonwingo.com | 11/12/2025 4:55:10 PM | NOT SENT |
| Jordan A.Garrett | | jgarrett@hamiltonwingo.com | 11/12/2025 4:55:10 PM | NOT SENT |
| Sean T.Cook | | scook@hamiltonwingo.com | 11/12/2025 4:55:10 PM | NOT SENT |
| clerk clerk | | clerk@hamiltonwingo.com | 11/12/2025 4:55:10 PM | NOT SENT |
| Grant Boston | | gboston@hamiltonwingo.com | 11/12/2025 4:55:10 PM | NOT SENT |